## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

```
JOSE L. OLIVERO,                       :
                                       :
               Plaintiff,              :
v.                                     :    CIV NO. 03CV1830(JCH)
                                       :
JO ANNE B. BARNHART, COMMISSIONER,     :
SOCIAL SECURITY ADMINISTRATION         :
                                       :
               Defendant.              :
                                       :
```

### RULING ON THE MOTION FOR ATTORNEY'S FEES

Pending is plaintiff's Motion for Attorney's Fees and Costs **[Doc. #23]**. Plaintiff, Jose L. Olivero, as a prevailing party under the Equal Access to Justice Act ("EAJA") pursuant to 28 U.S.C. § 2412(d)(1)(A), seeks payment for 41.25 hours at a rate of $125.00 per hour[1], totaling $6,373.13 for work performed in federal court.

Defendant, the Commissioner of the Social Security Administration, has filed an opposition to plaintiff's petition for attorney's fees. **[Doc. #25]**. Defendant contends that plaintiff failed to apply for fees within thirty (30) days of the

---

[1] The hourly rate has been adjusted for cost of living as reflected in the Consumer Price Index for all urban consumers to an adjusted hourly rate of $154.50.

final judgment pursuant to 28 U.S.C. § 2412(d)(1)(B). Therefore, defendant argues that this court lacks jurisdiction over this motion.

For the reasons that follow, the plaintiff's Motion for Attorney's Fees and Costs **[Doc. #23]** is **DENIED**, without prejudice, in accordance with this ruling.

Procedural History

On July 20, 1999, plaintiff filed an application for Disability Insurance Benefits and Supplemental Security Income, alleging disability as of February 19, 1998. (R. 104-25). Plaintiff's application was denied at all administrative levels.

Pursuant to 42 U.S.C. § 405(g), plaintiff filed this action seeking review of the final decision issued by the Commissioner of Social Security, denying plaintiff's claims for disability benefits. Plaintiff moved for judgment on the pleadings **[Doc. #10]**. In response, the defendant moved for an order affirming the Commissioner's decision **[Doc. #13]**. On March 10, 2005, the court denied defendant's motion and granted plaintiff's motion. **[Doc. #18]**. On July 12, 2005, the recommended ruling was affirmed over objection. **[Doc. #21]**. As a result of the court's recommended ruling, final judgment was entered on July 13, 2005. **[Doc. #22]**.

Although the final judgment entered on July 13, 2005 reversed the decision of the Commissioner and remanded the case for further action, the court did not specifically state the statutory basis for remand. **[Doc. #22]**.  Instead, the court made three findings justifying remand.

One ground for the court's remand was the failure of the Administrative Law Judge ("ALJ") to fully develop a complete and fair record.  At the plaintiff's hearing, the ALJ failed to inquire about the nature of the plaintiff's pending bypass surgery and coronary complaints.  Also, due to the fact that plaintiff's surgery was pending at the time of the hearing, and that the plaintiff would be undergoing additional treatment subsequent to the ALJ proceedings, the record failed to incorporate new evidence that would come into existence after the hearing.  Another ground for remand was the ALJ's failure to consider all of the record evidence in making his credibility findings.  The court remanded the case to enable the ALJ to make a proper credibility determination.  A third ground for remand was for the ALJ to adequately explain the weight given to treating and non-treating sources.[2]

---

[2] According to 20 C.F.R. §404.1502, "[t]reating source means your own physician, psychologist, or other acceptable medical source who provides you, or has provided you, with medical treatment or evaluation and who has, or has had, an ongoing treatment relationship with you."

On October 13, 2005, plaintiff filed his motion for attorney fees with the court.  **[Doc. #23]**.  On November 1, 2005, defendant filed an opposition to plaintiff's motion for fees.  **[Doc. #25]**.  Defendant claims that plaintiff's request should be denied as untimely.

## DISCUSSION

A.   Standard for Costs and Fees under 28 U.S.C §2412

The EAJA was enacted in order to remedy the unfortunate economic reality that many individuals lack the financial resources to defend themselves against government action. Allowing individuals to recover attorney fees, "Congress sought to ensure that individuals would not be forced to sit idly when confronted with unreasonable government conduct." Myers v. Sullivan, 916 F.2d 659, 665 (11th Cir. 1990)(citation omitted).

Before awarding attorney fees under the EAJA, a court must find that the plaintiff is a prevailing party, that the Commissioner of Social Security's opposition to the original motion to remand was without substantial justification, that no special circumstances exist that would make an award unjust, and that the fee petition was filed within thirty (30) days of final judgment.  28 U.S.C. §2412(d)(1)(B)(C)(D).

The thirty (30) day filing requirement under the EAJA is jurisdictional in nature and cannot be waived. Melkonyan v. Heckler, 895 F.2d 556, 557 (9th Cir. 1990). Rather, this temporal requirement is to be rigorously construed and strictly enforced. Carter v. Bowen, 733 F. Supp. 1084, 1085 (S.D. Miss. 1990). A prevailing party's failure to file a timely application precludes a district court from considering the merits of the application. Myers, 916 F.2d at 666.

Defendant argues that the plaintiff's Petition for Attorney's Fees under EAJA should be denied as it was untimely under 28 U.S.C. § 2412(d)(1)(B). Defendant contends that plaintiff failed to apply for fees within thirty (30) days of the "final judgment."

B.  Final Judgment: Sentence Four and Sentence Six Remands

The question of whether the plaintiff is entitled to attorney fees can only be decided after resolving the issue of whether this court's remand was a "final judgment" under the EAJA.

The EAJA defines "final judgment" as a judgment that is final and not appealable. 28 U.S.C. § 2412(d)(2)(G). The Supreme Court ruled that "a 'final judgment' for the purposes of 28 U.S.C. § 2412(d)(1)(B) means a judgment rendered by the court

that terminates the civil action for which EAJA fees may be received." Melkonyan v. Sullivan, 501 U.S. 89, 96 (1991). "Final judgment" in a social security case is "final" only if the judgment completely determines a plaintiff's entitlement to benefits. Altieri v. Sullivan, 754 F. Supp. 34, 37 (S.D.N.Y. 1991). "Final judgment" can only be entered by a court of law. Ground v. Sullivan, 785 F. Supp. 1407, 1411 (S.D. Cal. 1992).

Resolving the question of finality often hinges on a court's characterization of the nature of its remand. Longey v. Sullivan, 812 F. Supp. 453, 455 (D. Vt. 1993). The Melkonyan Court discussed "final judgment" and the interplay between 28 U.S.C. § 2412(d)(1)(B) of the EAJA and 42 U.S.C. § 405(g) of the Social Security Act. Melkonyan, 501 U.S. at 98. In Melkonyan, the Court held that § 405(g) provides for only two types of remands, a sentence four remand and a sentence six remand, which both play determinant roles on whether a court of law has entered a "final judgment." Id. In a sentence four remand, the district court enters judgment immediately and the court loses jurisdiction over the case. Id. In a sentence six remand, the district court retains jurisdiction and enters final judgment after the remand proceedings are completed. Id.

1. <u>Sentence Four Remand</u>

In a remand pursuant to sentence four of § 405(g), district courts are authorized "to enter ... a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). To remand under sentence four, the district court must either find that the decision is not supported by substantial evidence, or that the Commissioner incorrectly applied the relevant law to the disability claim. <u>Jackson v. Chater</u>, 99 F.3d 1086, 1092 (11th Cir. 1996). Sentence four remands make a decision on the merits of the case and often vacate a Commissioner's order. <u>Longey</u>, 812 F. Supp. at 456. A court divests itself of jurisdiction following a sentence four remand. <u>Jackson</u>, 99 F.3d at 1095. Thus, in a social security case, a sentence four remand is treated as a final judgment for purposes of filing attorney fee applications under EAJA.

The defendant argues in his motion in opposition for attorney fees **[Doc. #25]** that this court's remand is under sentence four. We agree with the defendant's contention, in part, because the Recommended Ruling on Pending Motions on page 44 states that "[i]n light of these legal errors, this court cannot conclude that the decision of the Commissioner is

supported by 'substantial evidence.'" Based on the <u>Jackson</u> holding, decisions not supported by "substantial evidence" are sentence four remands. <u>Jackson</u>, 99 F.3d at 1092. Thus, this court has entered a sentence four remand under 42 U.S.C. § 405(g).

2. <u>Sentence Six Remand</u>

A second reason for remanding a case under 42 U.S.C. § 405(g) is under sentence six. Sentence six of § 405(g) provides, in part:

> The court may ... at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is *new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record* in a prior proceeding; and the Commissioner of Social Security shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm the Commissioner's findings of fact or the Commissioner's decisions, or both, and shall file with the court any such additional and modified findings of fact and decision

A sentence six remand is not a final judgment and is not a substantive ruling. <u>Melkonyan</u>, 501 U.S. at 98. Instead, a sentence six remand simply returns the case to an agency without affirming, modifying, or reversing administrative decisions. <u>Longey</u>, 812 F. Supp. at 456-57. Under this type of remand, the district court does not issue a final decision; instead the

remand is considered interlocutory, allowing the district court to retain jurisdiction over the case. Id. Following a sentence six remand, the Commissioner must file additional findings with the court, and then the court would enter a final judgment. Peterson v. Shalala, 818 F. Supp. 241, 243 (S.D. Ill. 1993).

In order for a remand to be issued pursuant to sentence six, there must a showing of "new evidence which is material, and that good cause exists for the failure to incorporate such evidence into the record in a prior proceeding." Tirado v. Bowen, 842 F.2d 595, 597 (2d Cir. 1988) (quoting 42 U.S.C. §405(g)). Thus, a sentence six remand must show that the evidence is (a) "'new,' and not merely cumulative of what is already in the record," Szubak v. Secretary of Health and Human Servs., 745 F.2d 831, 833 (3d Cir. 1984); that it is (b) material, which requires that there is a reasonable possibility that the new evidence would have influenced the Secretary to decide differently, Tirado, 842 F.2d at 597; and c) that there was good cause for failure to incorporate the new evidence earlier. Szubak, 745 F.2d at 833.

  a. New Evidence

In the Recommended Ruling on Pending Motions, this court held that the claimant's pending surgery and increases in coronary and pulmonary complaints presented a "significant" gap

9

in the record.[3]  These uncertainties surrounding the surgery and coronary complaints require the Commissioner to order additional or "new" evidence, which was not presented at the initial hearing.  Thus, such medical records are not merely cumulative of the evidence in the record but, rather, must be classified as "new" evidence.

    b. <u>Material</u>

    Additionally, the Recommended Ruling on Pending Motions specifically sets forth on page 39, that:

> "Because the record was not fully developed as to the claimant's pending surgery and coronary complaints, this court cannot determine whether the ALJ's decision was based upon substantial evidence.  Accordingly, this case must be *remanded to enable the Commissioner to fully develop the record* as to Olivero's pending surgery and make the RFC determination based on the record as a whole.

This language puts the parties on notice that "materially" new evidence, regarding the claimant's bypass surgery and related complaints, needs to be developed in order for the Commissioner to make a decision based on the whole record.  These medical records are both highly relevant and probative, which creates a reasonable possibility that the new evidence will alter the

---

[3] This court went on to say, "[t]here was confusion about the type of surgery, when and where the surgery took place, and why the surgery was cancelled."  <u>See</u> page 38.

outcome of the Commissioner's determination.  Thus, this new evidence can essentially be classified as "material."

    c. Good Cause

Due to the fact that the plaintiff was undergoing additional treatment regarding his coronary and pulmonary complaints at Sacred Heart, Lincoln, and Bellevue Hospitals, good cause existed for the plaintiff's failure to present this evidence in the administrative proceeding.  These records simply did not exist at the time of the plaintiff's administrative hearing.

Despite this court's failure to specify in its remand order that there is a finding of good cause relative to the taking of new evidence, the language and circumstances of the remand conform with a sentence six remand.[4]  Thus, this court has entered a sentence six remand under 42 U.S.C. § 405(g).

---

[4] See Recommended Ruling on Pending Motions, at page 35, "[b]ecause the ALJ failed to consider all of the record evidence ... the case must be remanded to enable the Commissioner to make a proper credibility determination and evaluation ... ; at page 39,  "[b]ecause the record was not fully developed as to the claimant's pending surgery and coronary complaints, this court cannot determine whether the ALJ'S decision was based on substantial evidence. Accordingly, the case must be remanded to enable the Commissioner to fully develop the record ... ; at page 44, "The ALJ failed to make a proper credibility determination, failed to develop the record to ensure that all available evidence had been obtained and review, and failed to adequately explain the weight assigned to treating and non-treating source."

11

C. <u>Dual Basis Remand</u>

The Court of Appeals for the Eleventh Circuit recognized for the first time in <u>Jackson v. Chater</u>, that social security disability cases may be remanded on what has been termed a "dual basis" remand. <u>Jackson</u>, 99 F.3d at 1092. In a "dual basis" remand, a court issues a remand based on both sentence four and sentence six grounds. <u>Id.</u> at 1090. If a case is a "dual basis" remand, the time for filing an EAJA application runs from the post-remand final judgment entry date. <u>Id.</u> Any EAJA application filed before final judgment is considered to be premature. <u>Longey</u>, 812 F. Supp. at 457.

In the <u>Jackson</u> case, the claimant filed a civil action in the district court seeking judicial review of the Commissioner of Social Security's denial of disability benefits. <u>Jackson</u>, 99 F.3d at 1090. The district court remanded the case to the Commissioner for reconsideration on two grounds. <u>Id.</u> First, the district court found that the ALJ failed to perform his legal duty to fully develop the record on the claimant's "residual functional capacity." <u>Id.</u> The district court held that the ALJ's failure to fully develop the record was a sentence four basis for remand. <u>Id.</u> The second ground for the remand was new and material evidence regarding the deterioration of the claimant's back condition that did not exist at the time of

Jackson's hearing. Id. The district court held that the existence of this new evidence for the ALJ to consider was a sentence six basis for remand. Id.

In Jackson, the Eleventh Circuit validated the concept of a "dual basis" remand. The Jackson court found that no case law or statutory law has ever prohibited a court from issuing a dual remand. Id. at 1095. The Court of Appeals also considered the Melkonyan decision, in which the Supreme Court held that there are only two grounds for remands, sentence four and sentence six. Id. The Eleventh Circuit interpreted this language to mean that sentence six and sentence four are two grounds for remands, but are not exclusive of each other. Id. at 1096. Both remands can be issued simultaneously. Id. The court also cited persuasive policy justifications that favor the use of dual remands.[5] See also Joe v. Apfel, No. 97-CV-772S(H), 1998 WL 683771, at *3 (W.D.N.Y. July 10, 1998) (court held that the remedies in §405(g) are not mutually exclusive and found the dual basis remand to be an appropriate approach).

---

[5] Id. at 1095. ("[s]uppose the ALJ clearly commits an error in the course of considering the evidence presented, and just as clearly there is also some new evidence that the claimant is entitled to have presented and considered, apart from error by the ALJ. Why is the district court required to correct only half of the problem? Why should the district court not remand for both purposes, in order to get everything right in one proceeding, instead of having two remand proceedings?")

Consistent with the Eleventh Circuit's analysis of dual basis remands, this Court clarifies that its remand in the instant case was both a sentence four and a sentence six remand.

When the Commissioner's determination in an administrative hearing is in error and new, material evidence has been proffered, the court has the discretionary authority to remand under both sentence four and sentence six. Jackson, 99 F.3d at 1096-97. See also Joe, 1998 WL 683771, at *3. Based on the findings detailed above, this case was remanded on both sentence four grounds, pursuant to the district court's authority to enter judgment affirming, modifying, or reversing the agency decision, and on sentence six grounds, based upon new and material evidence. The sentence four remand was the court's order to develop a full and fair record. The sentence six remand was the court's order to consider new evidence regarding the claimant's coronary complaints.

In a dual remand case, the court's jurisdiction continues despite the entry of judgment remanding the case, because the sentence six part of the remand requires parties to return to the district court. Jackson, 99 F.3d at 1096. So, the dual remand does not constitute a final judgment under the EAJA. Id.

Thus, no final judgment has been entered in this action. This court has implicitly retained jurisdiction over the entire

proceeding to review subsequent actions by the Commissioner.

D. <u>July 13, 2005 Final Judgment Entry</u>

Despite the clerk's entry of judgment on July 13, 2005, the plaintiff's right to seek fees pursuant to the EAJA has not been cut off. Pursuant to Rule 60(a):

> Clerical mistakes in judgments, orders or other parts of the record and error therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on motion of any party and after such notice, if any, as the court orders.

Fed. R. Civ. P. 60(a). A party may be relieved from a final judgment order for "(1) mistake, inadvertence, surprise ." Fed. R. Civ. P. 60(b)(1). Courts have rarely treated the absence, or presence, of a final judgment as dispositive. <u>Casey v. Long Island Railroad Co.</u>, 406 F.3d 142, 147-48 (2d Cir. 2005). In fact, in <u>Wilsey v. Secretary of Health and Human Services</u>, No. 93-CV-1418, 1995 WL 274499, at *2 (N.D.N.Y. May 2, 1995), the court held that a sentence six remand is still a sentence six remand even if the Clerk enters a final judgment in error.

Therefore, because judgment has been entered in error, pursuant to Fed. R. Civ. P. 60(a) and (b), the clerk's entry of judgment, **[Doc. #22]**, is vacated by the court.

15

E.  Applying for EAJA Fees in a Dual Remand Case

A request for attorney fees and costs under EAJA must be made upon entry of a final judgment.  Having clarified that this case was both a sentence four and sentence six remand, there is no final judgment yet.  Therefore, the plaintiff's petition for attorney fees **[Doc. #23]** is premature.  Longey, 812 F. Supp. at 457.

In a dual remand, where the award of benefits on remand is not based solely upon sentence four reasons, the claimant may file an EAJA application after judgment is entered following the remand proceeding.  Jackson, 99 F.3d at 1097.  In other words, for EAJA attorney fee application purposes, dual remands are treated as sentence six remands.  Id.  Thus, the claimant may file an EAJA attorney fee application within thirty (30) days after the judgment on remand becomes final and no longer appealable.

In accordance with sentence six remands, as well as dual remands, 42 U.S.C. § 405(g) specifically requires the Commissioner to return to the district court to file additional and modified findings of fact and decision, and a transcript of the additional record so that final judgment may be entered and the plaintiff's application for EAJA may be appropriately considered.  For the court to have jurisdiction under the EAJA,

16

the plaintiff must file his application for attorney fees within thirty days of the entry of final judgment in this case. <u>Longey</u>, 812 F. Supp. at 457-58.

Because the plaintiff's petition for attorney fees was filed before a final judgment was entered, plaintiff's petition is premature and must be denied without prejudice.

<u>CONCLUSION</u>

Accordingly, for the reasons stated above, this court **DENIES** plantiff's motion for attorney fees and costs, without prejudice, as this application was prematurely filed. The July 13, 2005 final judgment, **[Doc. #22]**, is vacated. The Commissioner shall file her additional and/or modified findings of fact and decision, and a transcript of the additional record upon which her subsequent decision is based so that this court may enter final judgment and entertain, if filed, plaintiff's petition for attorney fees.

ENTERED at Bridgeport this 24th day of March 2006.

_____/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE